**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT COURT OF OKLAHOMA**

| | | |
|---|---|---|
| 1.  DANNY CHRIS BERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CIV-14- 71-R |
| | ) | |
| 1.  MICHELLE LYNN NOAH; and | ) | *Honorable* |
| STATE FARM MUTUAL | ) | |
| AUTOMOBILE INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that Defendant, State Farm Mutual Automobile Insurance

Company ("State Farm"), pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Rule 38(b) of the

Federal Rules of Civil Procedure and Local Civil Court Rule 81.1 of the United States

District Court for the Western District of Oklahoma, hereby files this Notice of Removal of

this case from the District Court of Oklahoma County, Oklahoma, in which court this case

is pending, to the United States District Court for the Western District of Oklahoma, being

the district embracing the place where the case is pending.  In support of this Notice of

Removal, Defendant states the following:

**Timeliness of Removal**

1.      Plaintiff commenced this action by filing the Petition in the District Court of

Oklahoma County, on November 27, 2013.

2.      State Farm was served via the Oklahoma Insurance Commissioner on January 10, 2014.

3.      In accordance with 28 U.S.C. § 1446(a) and LCvR 81.2, a certified copy of the Docket Sheet and a copy of all documents filed or served in the Oklahoma County case are attached to this Notice of Removal as **Exhibit No. "1".**

4.      This removal was effected within 30 days of service of the Petition on State Farm and therefore is timely.  28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344 (1999) (notice of removal is timely under 28 U.S.C. § 1446(b) if filed within 30 days after service of the complaint).

### Diversity Jurisdiction

5.      At the time the Petition was filed, at the time of removal and all intervening times, the Plaintiff was (and is) a resident and citizen of the State of Oklahoma.

6.      At the time the Petition was filed, at the time of removal and all intervening times, Defendant Michelle Lynn Noah was (and is) a resident and citizen of the State of Texas.

7.      State Farm is a foreign insurance company incorporated in the State of Illinois and its principal place of business is in the State of Illinois.  State Farm is licensed to do business in the State of Oklahoma.  Therefore, it is deemed to be an Illinois citizen for the purpose of diversity.

8.      Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1332 as there

is complete diversity among Plaintiff, Defendant Noah and State Farm.  Removal is proper

pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

**Allegations and Claims in the Petition**

9.      According to Plaintiff's Petition, the underlying lawsuit arises out an

automobile accident involving Plaintiff and Defendant Michelle Lynn Noah (according to

the accident report, Shakir Siddiqui was also involved in this accident, but is not a party to

this lawsuit), which occurred on or about December 5, 2011.  Danny Chris Berry had a policy

of automobile insurance, number 298 0406-E01-36F (not 08 115525068, as alleged by

Plaintiff), issued by State Farm, which contained a provision for uninsured/underinsured

motorist coverage.  Plaintiff contends the policy was in force at the time of the accident and

further contends State Farm has breached the insurance contract and caused Plaintiff

damages by the denial of Plaintiff's claim.  Plaintiff also contends State Farm's actions in

handling Plaintiff's claim were in bad faith and violated its implied covenant of good faith

and fair dealing by arbitrarily and without a reasonable cause or basis for such conduct, by

neglecting to properly evaluated said claim and by arbitrarily and capriciously denying

Plaintiff's claim.   Plaintiff further contends that the acts of State Farm were grossly

negligent, done in bad faith and were in gross disregard of the rights of the Plaintiff.

10.      Based upon its investigation, State Farm's evaluation showed Plaintiff's claim

was within the liability limits of tortfeasor Noah.  Because of State Farm's determination that

3

Plaintiff's claim fell within the liability limits of Noah, Plaintiff is not entitled to receive a payment under his underinsured motorist coverage and State Farm has therefore not made an offer to Plaintiff under the terms of his underinsured motorist coverage.

11.     Plaintiff alleges that State Farm breached its contract with Plaintiff and that State Farm failed to deal fairly and in good faith with Plaintiff.  Plaintiff further alleges State Farm's actions were grossly negligent, done in bad faith and were in gross disregard of the rights of the Plaintiff.  All of this is denied by State Farm.

## Amount in Controversy

12.     State Farm and its counsel represent to this Court their good faith belief that the amount in controversy is met for the following reasons:

      a.     Plaintiff alleges that State Farm owed a duty of good faith and fair dealing to Plaintiff which he claims State Farm unreasonably, arbitrarily and capriciously breached.  Plaintiff further alleges State Farm acted in bad faith.

      b.     Plaintiff's Petition includes allegations of breach of contract by State Farm and of State Farm's alleged "grossly negligent" acts, done in bad faith and State Farm's "gross disregard" of the rights of the Plaintiff and because he asserts that State Farm's conduct was such that it is claimed to be liable for damages which include actual and punitive damages.

      c.     Although not specifically stated in Plaintiff's Petition, Plaintiff is seeking an amount exceeding the sum of $75,000.00, which is in excess of the amount required for diversity jurisdiction

> pursuant to 28 U.S.C. § 1332 for actual and punitive damages. Defendant Noah has liability limits of $100,000.00 (contrary to the Plaintiff's contention that Defendant Noah only has $25,000.00 in liability limits). In order for Plaintiff to sustain a claim of breach of contract/bad faith against State Farm, Plaintiff's damages must exceed Defendant Noah's liability limits of $100,000.00. Further, Plaintiff must request judgment in an amount exceeding Defendant Noah's liability limits of $100,000.00 in order for his causes of action against State Farm to stand.

13.     As Plaintiff's Petition seeks recovery "in an amount in excess of $10,000.00", it is not in compliance with the Oklahoma Pleading Code, effective November 1, 2009. Title 12 O.S. § 2008(A)(2) no longer permits a pleading to contain a prayer for relief "in an amount in excess of $10,000.00" as is contained in Plaintiff's Petition. Rather, the Oklahoma Pleading Code now requires:

> A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim or third-party claim, **shall** contain:
>> . . . .
>> 2.  A demand for judgment for the relief to which he deems himself entitled. Every pleading demanding relief for damages in money in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code shall, without demanding any specific amount of money, set forth only that the amount sought as damages is in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code, except in actions sounding in contract. Every pleading demanding relief for damages in money in an amount that is required for diversity

jurisdiction pursuant to Section 1332 of Title 28 of the United States Code or less shall specify the amount of such damages sought to be recovered.  Relief in the alternative or of several different types may be demanded.

14.     Plaintiff's Petition states in pertinent part:

WHEREFORE, upon a hearing of this petition, Plaintiff asks for judgment against these [sic] Defendant Michelle Lynn Noah in a sum *in excess of $10,000.00*, interest, and costs on his first cause of action; asks for judgment *in excess of $10,000.00*, interest and costs on his second cause of action against Defendant State Farm Automobile Insurance Company [sic] and judgment *in excess of $10,000.00* actual damages and *in excess of $10,000.00* exemplary or punitive damages on his third cause of action, interest and costs, against Defendant State Farm Automobile Insurance Company [sic].

(Emphasis mine).

15.     Although Plaintiff's Petition is not in compliance with the Oklahoma Pleading Code, State Farm believes, based on the liability limits of Defendant Noah and the nature of this lawsuit, that Plaintiff intends to seek recovery in an amount in excess of the amount required for diversity jurisdiction pursuant to 28 U.S.C. § 1332.

16.     While State Farm disputes Plaintiff's allegations, State Farm and its counsel have attempted in good faith to set forth the basis for establishing the amount in controversy in excess of $75,000.00 has been met in accordance with *Laughlin v. Kmart Corp.*, 50 F.3d 871 (10th Cir. 1995).  *See also Schrader v. Farmers Insurance Company*, 2008 WL 2782710 (W.D. Okla.) (citing to *McPhail v. Deere & Co*. 529 F.3d 947 (10th Cir. 2008).

17.     Pursuant to 28 U.S.C. § 1446(a), State Farm acknowledges that this Notice of Removal is signed and filed herein pursuant to Rule 11 of the Federal Rules of Civil Procedure.

18.     State Farm and its counsel acknowledge that the timing of this removal is governed by 28 U.S.C. § 1446(b) which provides, in pertinent part:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleadings setting forth the relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable . . . .

Plaintiff seeks actual damages, as well as punitive damages. State Farm contends that removal is proper based upon the face of the Petition and that said removal has been done so timely. *See Martin v. Franklin Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001) (holding that a Section 1332(a) removal is appropriate only if the amount-in-controversy requirement is "affirmatively established" on the face of either the state court petition or the notice of removal.)

19.     The Tenth Circuit has construed the language of 28 U.S.C. § 1446(b) to mean that "the removal period does not begin until the defendant is able to 'intelligently ascertain removability so that in his petition for removal he can make a simple and short statement of the facts.'" *Huffman v. Saul Holdings Limited Partnership*, 194 F.3d 1072, 1079 (10th Cir. 1999) (quoting *DeBry v. Transamerica Corp.*, 601 F.2d 480, 489 (10th Cir. 1979). The notice of removability must be "unequivocal," and "the circumstances permitting removal must normally come about as a result of a voluntary act on the part of the Plaintiff." *Id.* (citing *DeBry*, 601 F.2d at 486-88).

20.     State Farm is authorized to advise this Court that Defendant Noah has no objection to this removal.

21.     Pursuant to the teachings of *Laughlin, supra*, the removing defendant bears the burden of establishing federal court jurisdiction at the time of removal. *Laughlin*, 50 F.3d at 873. State Farm and its counsel contend that the facts and reasons set forth above support removal.

22.     Pursuant to LCvR 81.1, State Farm demands a jury trial and affirmatively states Plaintiff is put on notice of said demand.

23.     Contemporaneously with the filing of this Notice of Removal, written notice has been served upon the Plaintiff through his counsel of record and a copy of this Notice of Removal has been filed with the District Court of Oklahoma County, Oklahoma.

Respectfully submitted,

WILSON, CAIN & ACQUAVIVA
300 Northwest 13th Street, Suite 100
Oklahoma City, Oklahoma  73103
Telephone:  (405) 236-2600
Date:  January 24, 2014          Facsimile:   (405) 231-0062


 s/Joseph T. Acquaviva, Jr.
Joseph T. Acquaviva, Jr., OBA #11743
JTAcqua@aol.com
Elizabeth A. Snowden, OBA #22721
beths@wcalaw.com
**ATTORNEYS FOR DEFENDANT,
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

   X    I hereby certify that on the 24th day of January, 2014, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Mr. Rex D. Brooks
brookslaw@coxinet.net
1904 N.W. 23rd Street
Oklahoma City, OK 73106
**ATTORNEY FOR PLAINTIFF**

Mr. Christopher C. King
kking@mcgivernlaw.com
McGivern Law
P.O. Box 2619
Tulsa, OK 74101-2619
**ATTORNEY FOR DEFENDANT NOAH**

     I hereby certify that on the          day of        , 2014, I served the attached document by certified mail, return receipt requested, with proper postage prepaid thereon to the following:

      s/Joseph T. Acquaviva, Jr.
      Joseph T. Acquaviva, Jr.